UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PEGGY SUE BALDWIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14-CV-0442-CVE-TLW |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner, Social ) | |
| Security Administration, ) | |
| ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before this Court is the Report and Recommendation (Dkt. # 21) of Magistrate Judge T. Lane Wilson recommending that the Court affirm the decision of the Commissioner of the Social Security Administration denying plaintiff Social Security disability benefits. Plaintiff has filed an objection (Dkt. # 22) to the report and recommendation and seeks reversal of the Commissioner's decision, arguing that the Administrative Law Judge (ALJ) committed several errors in evaluating plaintiff's claim. Defendant responds that the magistrate judge's report and recommendation should be accepted because the ALJ committed no error in considering plaintiff's claim. Dkt. # 23.

**I.**

On April 14, 2011, plaintiff protectively filed for Title II disability benefits and Title XVI supplemental security income, alleging that she had been disabled as of October 1, 2009. Dkt. # 11, at 64. Plaintiff's applications stated that she suffered from various physical and psychological impairments that left her unable to work, including chronic pain in her back, legs, and hands, depression, and attention deficit hyperactivity disorder (ADHD). Id. at 173, 181. Plaintiff's claims

were denied initially on September 14, 2011 and upon reconsideration on December 28, 2011. Id. at 64. Plaintiff requested a hearing before an ALJ and that hearing was held on November 29, 2012. Id.

Plaintiff appeared at the hearing and was represented by an attorney. Id. Plaintiff was 48 years old at the time of the hearing and testified that she lived in a house with her elderly mother, for whom plaintiff provided care. Id. at 87, 90. Upon further questioning, plaintiff revealed that her disabled brother also resided with her and that she provided care for him. Id. at 110. Plaintiff left school before completing the sixth grade. Id. at 90. She testified to a variety of physical and psychological complaints, including lower back pain, problems with her left knee and left foot, problems with her hands related to carpal tunnel syndrome, ADHD, bipolar disorder, and depression. Id. at 95-96, 106-07. For these ailments, plaintiff took a number of prescription medications. Id. at 104-06. Plaintiff testified that the physical ailments caused her severe pain, which severely limited her ability to perform normal daily functions. Id. She also testified that she suffered from depression after the death of her husband and was prone to frequent crying fits and depressive episodes. Id. at 107. Plaintiff also asserted that the onset date of disability should be amended, first stating that it should be April 1, 2011, before again amending the date to January 1, 2012. Id. at 84-85.

On December 18, 2012, the ALJ issued a written decision finding that plaintiff was not disabled. Id. at 75. The ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date, but noted that her past work history, though short of substantial gainful activity, indicated that she had greater functional capability than she alleged. Id. at 66-67. He also found that plaintiff had severe impairments affecting her ability to work, including degenerative disc

disease, carpal tunnel syndrome, plantar fasciitis, peripheral neuropathy, hypertension, ADHD, and major depressive disorder. Id. at 67. The ALJ further found that her impairments were not equivalent to one of those listed in 20 C.F.R., Part 404, Subpart P, Appendix 1. Id. The ALJ formulated plaintiff's residual functional capacity (RFC), taking into account the medical evidence and testimony. Id. at 68. The ALJ determined that plaintiff could perform work requiring no more than occasional lifting of up to 20 pounds and no more than frequent lifting or carrying of up to 10 pounds, could stand or walk for six hours in an eight-hour workday, could sit for six hours out of an eight-hour workday, and could do no more than frequent handling, fingering, or feeling. Id. The ALJ further found that plaintiff could carry out simple and some complex instructions and could interact with others on a work-related basis, but should have only occasional interaction with the general public. Id.

After summarizing the evidence used to formulate the RFC, the ALJ stated that "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." Id. at 69. The ALJ then noted inconsistences between plaintiff's statements regarding her symptoms and the objective medical evidence, specifically identifying the objective medical evidence that conflicted with plaintiff's statements. Id. at 69-72. He also noted that plaintiff's testimony contained inconsistencies, including her failure to reveal her brother's living arrangements when questioned about with whom she lived and discrepancies between her testimony about the disabling nature of her symptoms and medical reports that recounted plaintiff's capabilities and overall condition. Id. at 73. He further noted that plaintiff was untruthful with both the ALJ and providers

3

as it related to compensation for her work as a home health aide providing care for her mother and brother. Id. The ALJ concluded that "[o]verall, [plaintiff's] hearing testimony is suspect." Id.

Considering plaintiff's RFC, the ALJ found that plaintiff could perform her past relevant work as a dry clean spotter. Id. at 73. In the alternative, based upon the testimony of a vocational expert (VE) at the hearing, the ALJ also identified other occupations existing in significant numbers in the national economy that plaintiff could perform. Id. at 74. These positions included housekeeping cleaner, routing clerk, tube operator, and addresser. Id. at 74-75. Based on these determinations, the ALJ concluded that plaintiff "has not been under a disability, as defined in the Social Security Act from October 1, 2009, through the date of this decision[.]" Id. at 75.

On May 29, 2014, the Appeals Council denied plaintiff's request for review of the ALJ's decision. Id. at 5. Plaintiff thereafter sought judicial review, arguing that the ALJ erred by evaluating plaintiff's claim based on an incorrect onset det and in his credibility determination. Dkt. # 16, at 3, 5. The Court referred the case to the magistrate judge, who entered a report and recommendation recommending that the Court' affirm the ALJ's decision. Dkt. # 21. Plaintiff has objected to the report and recommendation, asserting that the magistrate judge erred in concluding: (1) that the onset date of disability is irrelevant because the ALJ never found plaintiff to be disabled; (2) that the ALJ properly considered plaintiff's work activity as a negative credibility factor, and (3) that substantial evidence supported the ALJ's conclusion that plaintiff's testimony and statements were not credible. Dkt. # 22, at 1. Defendant responds that the magistrate judge correctly reviewed the ALJ's decision and affirmance is appropriate. Dkt. # 23.

4

**II.**

Without consent of the parties, the Court may refer any pretrial matter dispositive of a claim to a magistrate judge for a report and recommendation. However, the parties may object to the magistrate judge's recommendation within fourteen days of service of the recommendation. Schrader v. Fred A. Ray, M.D., P.C., 296 F.3d 968, 975 (10th Cir. 2002); Vega v. Suthers, 195 F.3d 573, 579 (10th Cir. 1999). The Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court may accept, reject, or modify the report and recommendation of the magistrate judge in whole or in part. FED. R. CIV. P. 72(b).

**III.**

The Social Security Administration has established a five-step process to review claims for disability benefits. See 20 C.F.R. § 404.1520. The Tenth Circuit has outlined the five-step process:

> Step one requires the agency to determine whether a claimant is "presently engaged in substantial gainful activity." [Allen v. Barnhart, 357 F.3d 1140, 1142 (10th Cir. 2004)]. If not, the agency proceeds to consider, at step two, whether a claimant has "a medically severe impairment or impairments." *Id.* An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities. *See* 20 C.F.R. § 404.1521. At step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation." *Allen*, 357 F.3d at 1142. If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent her from performing her past relevant work. *See id.* Even if a claimant is so impaired, the agency considers, at step five, whether she possesses the sufficient residual functional capability to perform other work in the national economy. *See id.*

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).

The Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but, instead, reviews the record to determine if the ALJ applied the correct legal standard and if his

decision is supported by substantial evidence. Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." O'Dell v. Shalala, 44 F.3d 855, 858 (10th Cir. 1994). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004). The court must meticulously examine the record as a whole and consider any evidence that detracts from the Commissioner's decision. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994).

The ALJ decided the case at step four of the analysis, concluding that plaintiff's impairments did not prevent her from performing her past relevant work. Dkt. # 11, at 73. In the alternative, at step five, the ALJ concluded that plaintiff could perform other work available in significant numbers in the national economy. Id. at 74. Having so decided, the ALJ found plaintiff not disabled and denied her claim for benefits. Id. at 75. The magistrate judge recommended that the ALJ's decision be affirmed. Dkt. # 21, at 15. The magistrate judge determined that the ALJ properly assessed plaintiff's claim and committed no error by failing to acknowledge plaintiff's second amended onset date in his written decision, explaining that, because the ALJ found plaintiff to not be disabled, the onset date was irrelevant for the purposes of review. Id. at 5-6. But, because plaintiff's allegations of error related to the onset date were closely intertwined with plaintiff's additional argument that the ALJ erred in finding that she lacked credibility, the magistrate judge considered the facts related to the onset date in reviewing the ALJ's credibility determination. Id. at 6. The magistrate judge concluded that substantial evidence supported the ALJ's determination that plaintiff was only partially credible as it related to the disabling nature of her symptoms, including objective medical

evidence and inconsistencies in plaintiff's testimony. Id. at 15. In her objection, plaintiff contends that the magistrate judge incorrectly concluded that the ALJ did not err in failing to consider the amended onset date, that substantial evidence supported the credibility determination, and that the ALJ failed to consider plaintiff's good work history as a positive credibility factor. Dkt. # 22, at 1. Defendant responds that the magistrate judge correctly concluded the ALJ committed no error and that the ALJ should be affirmed. Dkt. # 23.

Plaintiff first argues that the ALJ's failure to reference the correct amended onset date was relevant and constitutes an error that warrants reversal of the ALJ's decision. Dkt. # 22, at 2. Although the ALJ recognized in his written decision plaintiff's first amended onset date of April 1, 2011, he did not consider plaintiff's corrected amended onset date of January 1, 2012. See Dkt. # 11, at 66. Plaintiff asserts that the ALJ's failure to consider the correct alleged onset date "tainted the ALJ's adjudication of the entire claim in a manner that cannot be dismissed as 'irrelevant' or harmless." Dkt. # 22, at 3. And plaintiff asserts that the magistrate judge's conclusion that the amended onset date is irrelevant because the ALJ concluded that plaintiff was not disabled was similarly in error. Id. at 2-3. Plaintiff's argument largely relies on the assertion that the magistrate judge failed to understand the difference between an alleged onset date and established onset date. Id. at 3. But plaintiff's argument fails to explain the relevance of the alleged onset date and established onset date to the issue here, particularly in light of persuasive authority from the Tenth Circuit providing that an onset date is relevant only when an ALJ determines that a claimant is disabled. See Gutierrez v. Astrue, 253 F. App'x 725, 729 (10th Cir. 2007) (unpublished)[1] ("[T]he

---

[1]     This and all other unpublished decisions are not precedential; they are cited for their persuasive value only. See FED. R. APP. P. 32.1; 10TH CIR. R. 32.1.

7

need to determine an onset date is relevant only where a claimant has been found disabled[.]"). The magistrate judge correctly concluded the amended onset date was irrelevant, and plaintiff's reference to the alleged onset date versus the established onset date has no bearing on this determination. The Court thus concludes that the ALJ did not err in failing to consider plaintiff's correct amended onset date because he ultimately concluded that she was not disabled.

Plaintiff next argues that, because the ALJ did not use the correct amended onset date, he turned a positive credibility factor, plaintiff's past work history, into a negative one. Dkt. # 22, at 5. To the extent plaintiff challenges the amended onset date, the Court concludes, based on the above analysis, that the ALJ did not err in failing to consider the correct onset date of plaintiff's disabling symptoms. To the extent that plaintiff challenges the ALJ's credibility determination regarding her past work history, this dovetails with plaintiff's final argument of error: that the ALJ's credibility determination was not supported by substantial evidence. See id. at 6.

"Credibility determinations are peculiarly the province of the finder of fact," and such determinations are not to be upset "when supported by substantial evidence." Diaz v. Sec'y of Health and Human Servs., 898 F.2d 774, 777 (10th Cir. 1990). Nonetheless, "[f]indings as to credibility should be closely and affirmatively linked to substantial evidence." Hutson v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988). Factors an ALJ may weigh in determining a claimant's credibility include:

> the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequence of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses and the consistency or compatibility of nonmedical testimony with objective medical evidence.

Hutson, 838 F.2d at 1132. An ALJ must look beyond objective medical evidence in evaluating claims of disabling pain. Luna v. Bowen, 834 F.2d 161, 165-66 (10th Cir. 1987). An ALJ must give specific reasons for his findings and such findings must be closely linked to substantial evidence. Kepler v. Chater, 68 F.3d 387, 390 (10th Cir. 1995). However, an ALJ does not need to provide a "formalistic factory-by-factor review of the evidence"; an ALJ needs only to "set[] forth the specific evidence he relies on in evaluating the claimant's credibility." Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). Common sense should guide the review of an ALJ's credibility determination and technical perfection is not required. Keyes-Zachary v. Astrue, 695 F.3d 1156, 1166-67 (10th Cir. 2012).

Here, the ALJ found plaintiff only partially credible, determining that she was not credible as it related to her statements about the intensity, persistence, and limiting effects of her symptoms. The ALJ's credibility determination is supported by substantial evidence. Specifically regarding plaintiff's assertion that the ALJ's failure to consider the correct amended onset date of her disabling symptoms resulted in her prior work history becoming a negative credibility factor, the magistrate judge expressly acknowledged this argument before concluding that, regardless of the onset date of disability, the ALJ properly concluded that plaintiff had performed work that demonstrated she was not as impaired as she testified. Dkt. #21, at 10. The magistrate judge explained that the ALJ was entitled to consider plaintiff's work history before or after an alleged onset date in determining whether plaintiff is disabled, and the ALJ did just that, considering all of plaintiff's past work. Id., see also 20 C.F.R. §§ 404.1571, 416.971. The ALJ's conclusion that plaintiff's work history demonstrated she was capable of more than she testified is supported by her entire body of past work, including plaintiff's statements about the nature of past work she performed and statements

9

about job responsibilities for positions she held even after the correct amended onset date. See Dkt. # 11, at 67. The ALJ did not err in his consideration plaintiff's prior work history, even in light of an incorrect amended onset date.

As to plaintiff's more general argument regarding the ALJ's credibility determination, the ALJ devoted a significant portion of his opinion to the inconsistencies between plaintiff's subjective complaints and the objective medical evidence. See Dkt. # 11, at 69-72. The ALJ identified specific subject complaints and contrasted them with the objective medical evidence that demonstrated plaintiff's impairments were not as disabling as she asserted. See id. Further, the ALJ discussed specific statements plaintiff made during her testimony that revealed she had not been entirely forthcoming during the proceedings, including her failure to mention her brother resided with her when asked about her living arrangements and testimony about serving as a home health aid for her mother after she failed to mention in her applications that she received compensation for this work. Id. at 73. The ALJ's decision contains numerous specific reasons he found plaintiff's testimony only partially credible and these reasons are closely and affirmatively linked to substantial evidence. As such, the ALJ did not err in his credibility determination regarding plaintiff.

**IT IS THEREFORE ORDERED** that the Report and Recommendation (Dkt. # 21) is **accepted**, and the Commissioner's decision is **affirmed**. A separate judgment is entered herewith.

**DATED** this 4th day of February, 2016.

*/s/ Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE